IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRYSON WOODS, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | NO. 3:18cv00371 |
| | ) | |
| BONNIE HOMMRICH, in her official | ) | JUDGE CAMPBELL |
| Capacity as the Commissioner of | ) | |
| the Tennessee Department of | ) | |
| Children's Services, and WILLIAM | ) | |
| HASLAM, in his official capacity | ) | |
| as Governor of the State of | ) | |
| Tennessee, | ) | |
| | ) | |
| Defendants. | ) | |

**TEMPORARY RESTRAINING ORDER**

Pursuant to Federal Rule of Civil Procedure 65, Bryson Woods ("Plaintiff") has moved this Court for a temporary restraining order and/or an order preliminarily enjoining the Defendants from returning him to the Gateway to Independence Youth Development Center. In support of his Motion, Plaintiff has provided facts through a Verified Complaint and a separate Affidavit.

The Verified Complaint and Affidavit establish the following facts:

1. The Tennessee Department of Children's Services ("DCS") operates the Gateway to Independence ("GTI") Youth Development Center as a hardware secure placement for children adjudicated delinquent and placed in its custody.

2. DCS has placed Bryson Woods at DCS for several months.

3. While at GTI, Mr. Woods alleges that the following has occurred:

   a. He has been attacked multiple times by others housed at GTI.

   b. He has requested 'protective custody' to protect himself against further attacks.

   c. 'Protective custody' involves isolation of youth from other youth to protect them from other dangerous youth.

   d. Multiple children have been hospitalized following violence at the facility.

   e. On April 9, 2018, a riot broke out at the facility. Youth, staff and teachers were injured. At least one youth escaped the facility.

   f. Also on April 9, 2018, Bryson Woods attempted suicide.

4. Plaintiff raises claims for violations of his Fourteenth Amendment substantive due process rights, his right to be free from cruel and unusual punishment under the Eighth Amendment, and for violations of the Individuals with Disabilities Education Act.

5. In determining whether to issue a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. See, e.g., Doe v. Univ. of Cincinnati, 872 F.3d 393, 399 (6th Cir. 2017).

Based on the Motion, pleadings, and the entire record, the Court finds: (1) Plaintiff has demonstrated a strong or substantial likelihood of success on the merits of his constitutional claims; (2) Plaintiff has demonstrated that he faces a threat of imminent harm if returned to GTI from his current hospitalization; (3) the balance of relative

harms among the parties weighs in favor of Plaintiff against Defendants; and (4) the public interest will not be harmed by injunctive relief pending a preliminary injunction hearing. The relief set forth herein is narrowly drawn, extends no further than necessary to correct the violation of the federal rights, and is the least intrusive means necessary to correct the violation of the Federal right.

Accordingly, it is ORDERED that Defendants are restrained as follows:

1. Bryson Woods shall not be returned to GTI, but will remain at Middle Tennessee Mental Health Center under appropriate medical and custodial supervision pending a preliminary injunction hearing in this case;

2. This Order has been issued without notice because the injury accumulated on the weekend, and the evidence submitted establishes that the threat of injury to Plaintiff is imminent should he be returned to GTI before the Court can better understand his circumstances and medical condition. Plaintiff's counsel represents that efforts have been made to inform Defendants of this Motion.

3. The Court concludes that, pursuant to Rule 65(c), the posting of bond by Plaintiff is unnecessary as Defendants are unlikely to be harmed by issuance of this Order.

This Temporary Restraining Order is effective upon its issuance on April 16, 2018, at 2:00 p.m., and expires fourteen (14) days thereafter, absent further order of the Court.

In accordance with Fed. R. Civ. P. 65(b)(3), the Court will hold a preliminary injunction hearing on April 26, 2018, at 10:00 a.m.

The parties shall file with the Court by noon on April 25, 2018, the following pertaining to the preliminary injunction hearing: (1) any affidavits; (2) witness lists; (3) exhibit lists; (4) any depositions and/or deposition designations; (5) any stipulations; (6) any motions in limine; and (7) any supplemental briefs. No witness shall testify live at the preliminary injunction hearing unless the party calling such witness to testify has identified and made that witness available for a deposition prior to the hearing.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE